UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KESI AZIKIWE FALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:07-CV-166 JVB |
| ) | |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

**A.  Background**

Plaintiff Kesi Azikiwe Falls filed a pro se complaint against the Defendant, Eli Lilly and Company, a pharmaceutical corporation. The Complaint is filed on a standard form for civil rights lawsuits, available at the Clerk's office. The Plaintiff alleges the following:

> I Kesi Azikiwe Falls was violated by the Eli Lilly Corporation on the grounds of past, and future health afflictions.
> The lack of knowledge on active ingredients and chemicals found in the Zyprexa medication. I was not advised beforehand on severe side effects of the medication by the facts of being an incompetent minor, which has breached my constitutional rights, privileges, and immunity of becoming a healthy adult in which I pray to the courts for remedy.

(Comp. at 6.)

In other parts of the Complaint, the Plaintiff alleges that he was "prescribed Zyprexa for treatment of SchizoAffective disorder and depression for youth mental problems" and that the reason he is suing the defendant is that the Zyprexa was defective product and "damaged [his] body resulting in diabetes." (*Id*. at 7.) He claims that, as a consumer, he had a "right and responsibility" to know the product he was prescribed. (*Id*. at 8).

The Defendant moved to dismiss the Complaint, but the Plaintiff failed to file a response.

Accordingly, the Court invited the Plaintiff to submit the response, but even after several months have passed, he has filed nothing.

He did file a motion for summary judgment shortly after the Defendant moved to dismiss the case. The motion states the legal standard for summary judgment and contains a brief notation that the Defendant committed negligence by failing to "comply with the applicable standard." (Pl's. Mot. Summ. J. at 2–4.) With the motion he attached several documents, one of which appears to be a note from his treating doctor. The Defendant did not respond.

The Plaintiff is a resident of Indiana. The Defendant is a corporation incorporated in Indiana, with its principal place of business in Indianapolis.

## B.  Legal Standard

Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is warranted if, upon reviewing the complaint, the court determines that no viable cause of action exists. *Greene v. Finely*, 749 F.2d 467, 468 (7th Cir. 1984). To avoid dismissal, a plaintiff must allege facts sufficient to outline his cause of action. *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F2d 31, 34 (7th Cir. 1987). The complaint is properly dismissed if the plaintiff fails to allege that he can prove an essential element of the case. *La Porte County Republican Cent. Comm. v. Bd. of Comm's of County of La Porte*, 43 F.3d 1126, 1129 (7th Cir. 1994).

As to motions for summary judgment, the Court uses the usual standard under Federal Rule of Civil Procedure 56(c).

## C.  Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court need not address the first element of the test as it is evident that the Plaintiff cannot establish that the Defendant was a state actor in the alleged wrong.

> There are two circumstances in which a private party will be held responsible as a state actor. The first is where the state effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision. . . . The second situation is when the state delegates a public function to a private entity.

*Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999) (citations omitted). Neither scenario is applicable here, and the Plaintiff has not alleged anything by which the Defendant's manufacture and distribution of Zyprexa could be fairly attributed to the state.

**D. Conclusion**

Since the Plaintiff cannot establish at least one of the essential elements necessary to state a claim for relief under 42 U.S.C. § 1983, the Court need not address his motion for summary judgment. Rather, the Plaintiff's Complaint must be dismissed. Nevertheless, mindful of the Plaintiff's pro se status, the Court will give leave to the Plaintiff to amend his Complaint within thirty days, if he wishes to do so. Although the Plaintiff has no cause of action under § 1983, it is conceivable that he may have another federal remedy. The Plaintiff is advised that, if no amended complaint is filed within the allowed time period, the case will be dismissed without notice.

The Court grants the Defendant's Motion to Dismiss [DE 15] and denies the Plaintiff's

3

Motion for Summary Judgment [DE 17].

SO ORDERED on March 3, 2008.

      s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT COURT JUDGE